## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MALCOLM BRADSHAW,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-818-R** |
| | ) | |
| **SCOTT CROW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing *pro se*,[1] has filed a Petition for Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254. (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 8). Having conducted a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned recommends that the Court **DISMISS** Petitioner's action for failure to exhaust state court remedies.

---

[1] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Petitioner originally filed his Petition in the Eastern District of Oklahoma. (*See* Doc. 5). The case was transferred to the Western District of Oklahoma, as Petitioner challenges convictions entered against him in the District Court of Comanche County, which is located in this district. (*Id.*)

## I.      Background

On August 31, 1998, Petitioner was sentenced in the District Court of Comanche County after pleading guilty to two counts of first-degree burglary, one count of robbery with a dangerous weapon, and one count of first-degree rape.[3]  Plaintiff received four life sentences.  (*See* CF-1998-151 Docket Sheet, CF-1998-156 Docket Sheet).  Petitioner did not file a direct appeal or seek state post-conviction relief.  (*See id*.; *see also* Doc. 1, at 2-3).  Petitioner filed the instant habeas Petition on August 18, 2021.  (Doc. 1).  Petitioner asserts that the state of Oklahoma lacked jurisdiction to convict him because he is an Indian and his crime occurred in Indian country.  (*Id.* at 4).  *See also McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).

## II.      Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to promptly examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases.  The Court may *sua sponte* dismiss a petition based

---

[3]      https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-1998-151&cmid=5075 (hereinafter "CF-1998-151 Docket Sheet") (last visited Sept. 29, 2021); https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-1998-156&cmid=5080 (hereinafter "CF-1998-156 Docket Sheet") (last visited Sept. 29, 2021).  Petitioner's cases CF-1998-151 and CF-1998-156 were consolidated.  (*See* CF-1998-156 Docket Sheet, June 16, 1998, entry).  The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

on a failure to exhaust state court remedies if non-exhaustion is "clear from the face of the petition." *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009). The Court's decision to raise *sua sponte* Petitioner's failure to exhaust does not present a due process problem because Petitioner may present his position by objecting to this Report and Recommendation. *See id*. at 1203 (noting that in allowing petitioner "an opportunity to respond to a problem obvious from the face of his pleadings," the district court "abided the Supreme Court's instruction that 'before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions'") (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

## III. The Petition Should Be Dismissed for Failure to Exhaust State Remedies.

The Court should dismiss Petitioner's § 2254 petition for failure to exhaust state court remedies. Exhaustion is a "threshold question that must be addressed in every habeas case." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). A federal court cannot grant a state prisoner's habeas petition unless the petition satisfies the procedural prerequisites of 28 U.S.C. § 2254(b), including that the petitioner has exhausted his state-court remedies by presenting "the substance" of the claims to the state's highest court. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition.").

> In this regard, § 2254(b)(1) states, "An application for a writ of habeas corpus . . . shall not be granted unless it appears that[ ] . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Section 2254(c) elaborates that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State[]

. . . if he has the right under the law of the State to raise, by any *available* procedure, the question presented." *Id.* § 2254(c) (emphasis added).

*Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017). "To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "The state prisoner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile." *Id.* (citations omitted).

To have fully exhausted his claim in state court, Petitioner must have presented it to the state's highest court, the OCCA. *See Bear*, 173 F.3d at 784 ("The Court of Criminal Appeals is the court of last resort for criminal appeals in Oklahoma.") (citing Okla. Stat. tit. 20, § 40). Petitioner did not appeal his convictions or file any applications for state post-conviction relief. (Doc. 1, at 2-3; *see* CF-1998-151 Docket Sheet, CF-1998-156 Docket Sheet). Thus, his jurisdictional challenge to his convictions has not been presented to the OCCA (or any Oklahoma state court).

Petitioner states that he did not appeal or file post-conviction relief because he "cannot consent to court in a court without jurisdiction." (Doc. 1, at 2-3). To the extent the Court liberally construes Petitioner's assertion as an argument that his jurisdictional challenge is somehow exempt from the exhaustion requirement, the Court should reject that argument. The Section 2254 exhaustion requirement contains no exception for jurisdictional claims. *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The

petitioner's] proffered reason for not exhausting – that the State . . . lacks jurisdiction over these claims – lacks merit."); *see also Largent v. Nunn*, 2020 WL 6734673, at *2 (W.D. Okla. Oct. 20, 2020) (collecting cases), *adopted*, 2020 WL 6731112 (W.D. Okla. Nov. 16, 2020). And because "Oklahoma imposes no time limits for filing applications for post-conviction relief in the district courts," the state courts remain open to Petitioner, and a return there would not be futile. *Burger v. Scott*, 317 F.3d 1133, 1135 (10th Cir. 2003) (citing *Moore v. Gibson*, 27 P.3d 483, 487 (Okla. Crim. App. 2001)).[4] Petitioner must exhaust his state court remedies before proceeding in habeas corpus. *Ellis*, 872 F.3d at 1076.

## IV.    Recommendation and Notice of Right to Object

For the foregoing reasons, it is recommended that the Court **DISMISS** the Petition without prejudice for failure to exhaust state court remedies. **Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by October 20, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives

---

[4] The Oklahoma Court of Criminal Appeals has held that, for purposes of post-conviction review, *McGirt* does not apply retroactively to convictions that were final at the time the decision was handed down. *State v. Wallace*, No. PR-2021-366, 2021 OK CR 21 ¶ 15 (Okla. Crim. App. August 12, 2021) ("[W]e now hold that *McGirt* and our post-*McGirt* decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided."). Petitioner must still exhaust this claim by providing state courts the opportunity to rule on it. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) ("In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court...."); *see also Ellis*, 872 F.3d at 1076.

the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 29th day of September, 2021.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE