# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALCOLM BRADSHAW, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. CIV-21-818-R |
| SCOTT CROW, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus with regard to his state convictions. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Amanda Maxfield Green for preliminary proceedings. On September 29, 2021, Judge Green issued a Report and Recommendation wherein she recommended that the petition be dismissed for failure to exhaust state court remedies. (Doc. No. 11). The matter is currently before the Court on the Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. (Doc. No. 12). Upon consideration of the objection, the Court finds as follows.

Via this action Petitioner challenges his 1998 conviction in the District Court of Comanche County, Oklahoma on multiple counts. Citing *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), Petitioner contends that the state court lacked jurisdiction over his criminal case, and therefore he is being detained in violation of his constitutional rights. In response

to the Report and Recommendation Petitioner contends he is not required to exhaust his claims because the state courts lack jurisdiction over his case. The Court rejects Petitioner's contention.

A state prisoner must exhaust all available state-court remedies before seeking a federal writ of habeas corpus unless exhaustion would be futile—that is, unless no state-court remedy exists or such a remedy would be ineffective to protect the prisoner's rights under the circumstances. *See* 28 U.S.C. § 2254(b)(1); *see also Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). Petitioner argues that parties cannot consent to proceeding in a court that lacks jurisdiction—in essence that he is excused from exhaustion. However, the § 2254 exhaustion requirement contains no exception for jurisdictional claims. *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting—that the State ... lacks jurisdiction over these claims—lacks merit."); *see also Largent v. Nunn*, No. CIV-20-683-J, 2020 WL 6734673, at *2 (W.D. Okla. Oct. 20, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 6731112 (W.D. Okla. Nov. 16, 2020). Furthermore, because "Oklahoma imposes no time limits for filing applications for post-conviction relief in the district courts," the state courts remain open to Petitioner, and a return there would not be futile. *Burger v. Scott*, 317 F.3d 1133, 1135 (10th Cir. 2003) (citing *Moore v. Gibson*, 27 P.3d 483, 487 (Okla. Crim. App. 2001)). Accordingly, Petitioner cannot avoid the exhaustion requirement and as recommended by Judge Green, dismissal without prejudice is appropriate.

For the reasons set forth herein, the Report and Recommendation is ADOPTED and the Petition is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 13th day of October 2021.

_/s/ David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3